# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:15 cr 85

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| RAY CHAD LEQUIRE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the undersigned pursuant to a Motion For Review of Detention (#163) filed by counsel for Defendant. In the motion, counsel for Defendant requests that Defendant be released to reside with his mother, Eleanor Lequire, with terms and conditions which would include electronic monitoring. At the call of this matter on for hearing it appeared Defendant was present with his attorney, D. Baker McIntyre, III and the Government was present and represented by AUSA David Thorneloe. From the evidence offered by the Government and the evidence offered by Defendant and the records in this cause, the Court makes the following findings.

**Findings.** The Defendant was charged in a bill of indictment (#3) filed on September 15, 2015 with one count of conspiracy to distribute methamphetamine and one count of distribution of methamphetamine. On September 23, 2015 the

1

undersigned conducted a detention hearing in regard to the detention of Defendant. At that time, it was represented by Defendant that he had severe diabetes. It was further represented to the Court the Defendant had not received any treatment for his diabetic condition between the time of his arrest on September 15, 2015 and the time of the detention hearing of September 23, 2015. It was further represented to the Court that Defendant could reside with his grandfather, and be subject to electronic monitoring at the grandfather's residence. As a result of these representations the undersigned entered an Order (#86) setting terms and conditions of pretrial release and releasing Defendant from custody to reside at the residence of his grandfather and be subject to electronic monitoring.

Thereafter, on September 30, 2015 a Violation Report (#118) was filed by the United States Probation Office alleging that Defendant had violated terms and conditions of his pretrial release in that Defendant could not reside at the residence of his grandfather. There was further evidence presented that the representations that Defendant had severe diabetes were untrue. Evidence was presented to the Court that showed when Defendant was placed into custody on September 17, 2015 at the Swain County Jail, the Defendant was asked if he had a history of diabetes and the Defendant replied "no" and whether or not Defendant had any other medical condition that the jail should be made aware of and the Defendant said "no". The Defendant was also asked if he was presently taking medications and Defendant

again stated "no". The questions were located in a document entitled "Swain County Detention Center Medical Questionnaire" and the document was signed by Defendant. (Gov.'s Exhibit #1) After a hearing on the Violation Report, the undersigned entered an Order revoking the terms and conditions of pretrial release of Defendant.

The Defendant now represents he has a place in which he could reside, that being with his mother at a residence located in Sylva, NC. Defendant's mother, Eleanor Lequire, was called as a witness by the Defendant. Mrs. Lequire stated she had located a residence but she had not, in fact, moved into the residence and indeed she had not yet rented the residence. Mrs. Lequire stated she is employed at the Harrah's Casino in Cherokee, NC on a fulltime basis, but Mrs. Lequire also advised the Court she had developed cancer and from time to time would have to leave the state of North Carolina for treatment for her medical condition.

> **Discussion.** 18 U.S.C. § 3142(e)(3)(A) provides, subject to rebuttable by the person, it shall be presumed that no condition or combination of conditions would reasonably assure the appearance of the person as required and the safety of the community, if the judicial officer finds there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more as prescribed in the Controlled Substances Act.

It is alleged in the bill of indictment that the Defendant has committed such an offense.

In considering whether or not the presumption has been rebutted, the

undersigned has considered all the factors as set forth under 18 U.S.C. § 3142(g). That statute reads as follows:

> **(g) Factors to be considered.--**The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--
>
> **(1)** The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> **(2)** the weight of the evidence against the person;
>
> **(3)** the history and characteristics of the person, including--
>
>> **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> **(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

In regard to the release of the Defendant, the undersigned has considered the nature and circumstance of the offense charged which are the distribution of a controlled substance, that being methamphetamine. The weight of the evidence against the Defendant is at the level of probable cause. It appears that Defendant is in questionable physical condition. It has been represented to the Court that he

has diabetes and takes Metformin and insulin. On the other hand, Defendant denied to the Swain County Sheriff's Department that he was taking medications, was under a doctor's care, had diabetes, or that he had any medical condition that the detention facility should have been made aware of. Without further documentation or proof, the undersigned does not find that Defendant has any physical or mental condition. Defendant has family ties but does not have employment. Defendant has a history of using controlled substances, those being benzodiazepines, cannabinoids and methamphetamine. Defendant's criminal history consists of the following:

| Date | County | Offense | Conviction |
| --- | --- | --- | --- |
| 9/7/97 | Jackson | No operators license | 10/27/97 |
| 3/23/01 | Swain | Reckless driving | 8/2/01 |
| 4/22/04 | Jackson | Possession of a stolen firearm | 8/6/04 |
| 5/3/05 | Jackson | Felony possession of a stolen motor vehicle | 4/5/06 |
| 7/12/10 | Graham | Felony possession of methamphetamine | 8/24/11 |
| 6/18/12 | Jackson | Misdemeanor possession of stolen property | 7/9/13 |
| 4/11/13 | Haywood | Larceny | 7/10/13 |
| 10/10/13 | Jackson | Felony breaking & entering, felony larceny | 1/16/15 |

The criminal record of Defendant shows that Defendant has failed to appear on September 11, 2009 in regard to a charge of failure to wear a seatbelt; on January 20, 2015 in regard of the charge of failure to reduce speed; and on August 24, 2015 upon charges of allowing an unlicensed driver to operate a vehicle and failure to wear a seatbelt. It does not appear that Defendant was on probation, parole or other release pending trial, sentencing, appeal or completion of sentence.

In regard to the nature and seriousness of the danger to any person or the community that would be posed by the person's release, the undersigned finds by clear and convincing evidence that the release of Defendant would create a risk of harm or danger to any other person or the community. It appears from the Defendant's Pretrial Services Report that Defendant has been recently using methamphetamine. The Defendant's criminal record has a previous felony conviction for possession of methamphetamine. Methamphetamine is a dangerous drug and it creates a risk of harm or danger to the community and, indeed, creates a risk of harm or danger to the Defendant himself. The undersigned finds that the presumption of detention has not been rebutted as to this issue.

The undersigned further finds that the presumption of detention, based on risk of flight, has not been rebutted by the Defendant. Based upon the previous felony conviction of the Defendant for possession of methamphetamine, the Defendant could receive an active sentence of confinement in prison of not less than ten years. The Defendant has failed to appear on several occasions on charges much less serious than those that are presently pending against him. The undersigned thus finds by a preponderance of the evidence that the release of the Defendant would create a risk of flight on his part.

# ORDER

**IT IS, THEREFORE, ORDERED** that the Motion For Review of Detention (#163) will be **DENIED** and it is further **ORDERED** that Defendant be detained pending further proceedings in this matter.

Signed: November 2, 2015

Dennis L. Howell
United States Magistrate Judge