IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:15 CR 85-9

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| RAY CHAD LEQUIRE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

THIS CAUSE came on to be heard before the undersigned upon a Violation Report (#118) filed by the United States Probation Office on September 30, 2015. In the Violation Report, the United States Probation Office alleges that Defendant has violated terms and conditions of his pretrial release. At the call of this matter on for hearing it appeared that Defendant was present with his counsel, D. Baker McIntyre, III, and the Government was present through AUSA, David Thorneloe. From the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the Defendant, and the records in this cause, the Court makes the following findings.

**Findings**: At the call of this matter, Defendant, by and through his attorney, denied the allegation contained in the Violation Report. Testimony was then presented by the government through Tamara S. Styles, United States Probation

1

Officer.

The Defendant was charged in a bill of indictment (#3) with one count of conspiracy to distribute methamphetamine and one count of distribution of methamphetamine. On September 23, 2015 the undersigned conducted a detention hearing in regard to the detention of Defendant. At that time, it was represented by Defendant he was afflicted with diabetes and he had not received any medications for his diabetic condition since his arrest on or about September 17, 2015. Defendant further represented that he had a place in which to reside, that being with his grandfather, and he could be placed upon electronic monitoring at that residence. Relying upon those representations, the undersigned entered an Order (#86) releasing the Defendant on terms and conditions of pretrial release. In those conditions it was required that Defendant be released to reside with his grandfather upon home detention with electronic monitoring. Defendant was not to be released until the equipment had been installed in his grandfather's home.

United States Probation Officer Tamara Styles testified that on September 25, 2015 she attempted to contact Defendant's grandfather to make arrangements for the electronic monitoring equipment to be installed. Officer Styles could not get in touch with Defendant's grandfather but was successful in discussing Defendant's case with a person who represented himself as being Gary Lequire, the uncle of the

Defendant and the son of Defendant's grandfather. Gary Lequire advised Officer Styles the Defendant's grandfather had Alzheimer's Disease and did not have mental capacity to consent to anyone living with him. Gary Lequire further stated there was not a landline located at the residence of the Defendant's grandfather and a landline telephone would not be installed so Defendant could be on house arrest at the home of Defendant's grandfather. Gary Lequire further stated the Defendant would not be allowed to reside at the grandfather's home.

Officer Styles further made contact with Beth Winchester a jailer at the Swain County Jail where Defendant was being detained. When Officer Styles inquired as to why the Defendant had not been receiving medications for diabetes Styles was advised by Deputy Winchester that the Defendant had never told any employee of the Swain County Sheriff's Office that he had diabetes or required any medications. Indeed, when the jailer had questioned Defendant on September 17, 2015, Defendant stated he was not taking any medications; he did not have a history of diabetes; and he did not have any condition the jail should be made aware of. There was introduced into evidence as Government's Exhibit "1" the Swain County Detention Center Medical Questionnaire which showed that Defendant denied he was taking medications; denied he had diabetes; and denied he had any medical condition that the jail should be made aware of. The Defendant's signature is on this document.

After Officer Styles made the call, the Swain County Jail took action to insure that Defendant was receiving medications and he has been residing at the jail since September 25, 2015.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

> (1)   finds that there is----
> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
> (B) clear and convincing evidence that the person has violated any other condition of release; and
> (2)   finds that ---
> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
> (B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence, it appears that Defendant has violated the condition of release which required that he participate in location monitoring and abide by its requirements, as the pretrial service officer instructs. It appears that Defendant made a false representation to the Court, not only about the fact he had a residence in which

he could reside, that being with his grandfather, but also the Defendant's physical condition which the undersigned relied upon in releasing the Defendant.

As a result of clear and convincing evidence that Defendant violated the conditions of release, the undersigned finds that Defendant is unlikely to abide by any condition or combination of conditions of release and as a result, the undersigned will enter an order revoking the terms and conditions of pretrial release (#86) previously issued in this matter.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the terms and conditions of pretrial release (#86) are hereby **REVOKED** and it is **ORDERED** that Defendant be detained pending further proceedings in this matter.

Signed: November 2, 2015

Dennis L. Howell
United States Magistrate Judge